UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON HEMENWAY and
EVA HEMENWAY,

    Plaintiffs,

v.                                          Case No.  8:11-cv-597-T-30AEP

JOHN BARTOLETTA, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Consolidate and Memorandum of Law (Dkt. 82) and Plaintiffs' Response in Opposition to Motion to Consolidate and Incorporated Memorandum of Law (Dkt. 86). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion to consolidate should be denied.

## MOTION TO CONSOLIDATE STANDARD

Under Federal Rule of Civil Procedure 42(a), if a court finds that two or more actions before the court "involve a common question of law or fact," then the court may: "(1) join for hearing or trial any or all maters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Rule "is permissive and vests a purely discretionary power in the district court,"although district courts have been urged to use Rule 42(a) "to expedite the trial and eliminate unnecessary

repetition and confusion." *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1168 (11th Cir. 1995). In exercising its discretion, a court must determine:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (*quoting Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

## **DISCUSSION**

The Defendants, High Street Capital Management, LLC, High Street Group, LLC, and High Street Financial, LLC, ("High Street defendants") move to consolidate this current action, Case No. 8:11-cv-597-JSM-AEP ("Hemenway Case"), with another case before this Court, *RCC II Investments, LLC v. Bartoletta,* Case No. 8:12-cv-618-JSM-EAJ ("RCC II Case"). The High Street defendants argue that consolidation is appropriate because the lawsuits allege the same five counts based on misrepresentations and omissions causing the plaintiffs in both suits to invest in the same fund, New Advantages Futures Fund, LP.[1] The Hemenways oppose consolidation because the parties are different on both sides, the plaintiff in the RCC II Case is not a natural person, the time period of investments is different, the

---

[1] The High Street defendants cite several cases for the proposition that consolidation is appropriate for securities fraud claims alleged in multiple cases. However, the instant cases are distinguishable because those class action complaints were based on the same "public statements and reports" whereas these cases were private offerings. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

solicitations to invest were made by different defendants and in different manners, the plaintiffs have varying levels of sophistication in securities matters, and the procedural posture of each case is significantly different. The Court agrees with the Hemenways that these concerns outweigh the benefit of any reduced judicial resources and counsel against consolidation of the two cases.

Additionally, the cases involve different parties. Erick Arnett made the representations to the Hemenways, but he is not even a defendant in the RCC II Case. Likewise, the RCC II Case names an additional defendant, Newcastle Capital Markets, LCC, which is not a defendant in the Hemenway Case. Thus, the cases have distinct parties and could potentially confuse the issues and prejudice the plaintiffs.

More significantly, the manner of solicitations was different and the investments were made at different times throughout the life of New Advantages. Defendant Arnett in the Hemenway Case made the representations to the Hemenways in March 2009 in Chiefland, Florida. Based on those actions, the Hemenways invested in New Advantages from April 1, 2009 to June 30, 2010. Defendant Bartoletta in the RCC II Case made the representations personally to RCC II in November 2009 in Miami, Florida. Based on those representations, RCC II invested in New Advantages from February 1, 2010 until the fund's liquidation in September 30, 2010. Because the alleged misrepresentations and omissions were made by different defendants at different times, consolidation is inappropriate because it would likely confuse the jury and prejudice the Hemenways.

It is therefore ORDERED AND ADJUDGED that Defendants' Motion to Consolidate (Dkt. 82) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-597.mtconsolidate with RCC case.frm